UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROCHELLE M. JONES and
JAMES L. THOMAS,

       Plaintiffs,

v.

       Case # 16-CV-234-FPG

       DECISION AND ORDER

CRISIS SERVICES OF ERIE COUNTY, ET AL.,

       Defendants.

  Plaintiff Rochelle Jones, Esq. brought this action on behalf of herself, *pro se*, and as attorney for James L. Thomas. ECF No. 1. After the Complaint was served, several Defendants moved to dismiss the Complaint. See ECF Nos. 5, 8, 26, 41, 46. The Court set a deadline of March 31, 2017 for Plaintiffs to respond to the motions, and gave Defendants until April 14, 2017 to file any replies. ECF No. 49.

  Shortly before that Order was issued, attorney Anna Marie Richmond entered her appearance on behalf of Plaintiffs (ECF No. 48), and on March 13, 2017, she requested an extension of time to respond to the pending motions, largely because she was just retained by Plaintiffs. ECF 50. The Court granted that application, and gave Plaintiffs until May 1, 2017 to respond, and Defendants until 15 days thereafter to file any reply. ECF No. 51.

  Before the deadline occurred, Ms. Richmond moved to withdraw as counsel for Plaintiffs. ECF No. 53. Ms. Richmond's affirmation states that she took Ms. Jones' case because she is a friend of almost 15 years, and after taking the case and undertaking a more in depth review of the matter, she determined that she is "not sufficiently qualified to handle this matter effectively on [Plaintiffs] behalf" and that it "would be unethical for [her] to continue representing the Plaintiffs."

ECF No. 53 at 3. Ms. Richmond states that she conferred with Ms. Jones, who accepted her decision, and "agreed that [she] could moved the Court to be relieved." ECF No. 53 at 4. Ms. Richmond further states that she refunded the retainer fee to Ms. Jones in this matter, and she apologized to the Court for the inconvenience created by her entering, and then seeking to withdraw from, this case. *Id.*

After reviewing Ms. Richmond's submission, and with no objection from Plaintiffs or any other party, the Motion to Withdraw as counsel for Plaintiffs (ECF No. 53) is granted.

After Ms. Richmond filed her motion to withdraw, Plaintiffs filed a renewed motion to have counsel appointed to represent them. ECF No. 56.

There is no constitutional right to appointed counsel in civil cases. Under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g., Sears, Roebuck & Co. v. Charles Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). The assignment of counsel in civil cases is within the trial Court's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The Court must consider the issue of appointment carefully, because "every assignment of a volunteer lawyer deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989). In determining whether to assign counsel, the Court considers several factors, including whether the indigent's claims seem likely to be of substance; whether the indigent is able to investigate the facts concerning his claim; whether the legal issues are complex; and whether there are special reasons why the appointment of counsel would be more likely to lead to a just determination. *See Hendricks v. Coughlin*, 114 F.3 390, 392 (2d Cir. 1997); *Hodge v. Police Officers,* 802 F.2d 58 (2d Cir. 1986).

After considering these factors, the Court finds that the appointment of counsel is not warranted in this case. Ms. Jones is herself a lawyer and is admitted to practice before this Court. In her letter, she states that she recently underwent back surgery on June 28, 2017, and that her

recovery time may last into November 2017. While she has reduced her work load due to this medical issue, she has also "kept one case that does not require many court appearances and I still accept referee assignments. This is of course because of the necessity of some income." ECF No. 56 at 2. This is not the typical request for *pro bono* counsel, in that Ms. Jones is a lawyer herself, and she filed this case on her own behalf, and as attorney for Mr. Thomas. Recognizing the ability to nonetheless appoint counsel for Plaintiffs, the Court finds that the appointment of counsel is not warranted. Ms. Jones remains responsible for litigating this case on her own behalf, and as attorney for Mr. Thomas.

Regarding the pending motions to dismiss, Plaintiff's response is due by November 20, 2017, and Defendants may file any reply by December 8, 2017.

IT IS SO ORDERED.

Dated: September 25, 2017
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court