UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROCHELLE M. JONES and JAMES L. THOMAS,

                        Plaintiffs,

v.

CRISIS SERVICES OF ERIE COUNTY, et al.,[1]

                        Defendants.

Case # 16-CV-234-FPG

DECISION AND ORDER AND

ORDER TO SHOW CAUSE

**INTRODUCTION**

      Plaintiffs Rochelle M. Jones and James L. Thomas brought this action on March 23, 2016 and then amended their Complaint on May 5, 2016, alleging various civil rights and state law claims based on Defendants institutionalizing Jones without legal justification. ECF Nos. 1, 3. On August 3, 2018, the Court granted a motion to dismiss filed by five Defendants, dismissing them from the action. ECF No. 77. Four of the remaining Defendants—Crisis Services of Erie County (CSEC), Sherry W., Mandy M., and R.G. (collectively, the Moving Defendants)—now move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) as to the claims remaining against them. ECF No. 92. The Motion is GRANTED IN PART and DENIED IN PART because Plaintiffs have properly alleged claims against Sherry W. but not the remaining Moving Defendants.

**BACKGROUND**

      Five claims out of eleven in the Amended Complaint remain against the Moving Defendants: the First Claim for conspiracy in violation of 42 U.S.C. § 1985(3); the Second Claim for a violation of Jones's Fourth Amendment rights; the Third Claim for denial of Jones's liberty without due process; the Fourth Claim for false arrest and imprisonment of Jones; and the Eleventh

---

[1] The Defendants that remain in this action, other than Crisis Services of Erie County, are Sherry W., Mandy M., R.G., the Buffalo Police Department, Buffalo Police Officers John Doe 1 and 2, and Julian Harris.

Claim, a derivative spousal claim as to Thomas. ECF No. 3 ¶¶ 223-37, 272-74, ECF No. 77 at 19-20. The following relevant allegations support those claims as to the Moving Defendants.

On March 21, 2015, Defendant Julian Harris contacted CSEC and requested a representative to send an outreach team to conduct a mental health evaluation of Jones. Sherry W. and Mandy M. visited Jones at approximately 3:45 p.m., spoke with Jones for approximately twenty minutes, and left.

After the visit, Sherry W. contacted Harris and told him she would monitor Jones's mental health via her posts on Facebook and would consider a second evaluation if she determined her mental health condition was worsening.

Later the same day, Harris again contacted CSEC and opined to a representative that Jones's mental health condition was deteriorating. The representative informed Harris that a case worker would review the case.

The next day—March 22, 2015—Sherry W. and R.G. arrived at Jones's home around 2:00 p.m. accompanied by approximately five police officers from the Buffalo Police Department (BPD). Thomas let BPD Officer John Doe 1 into Jones's home. Jones's was upstairs when Officer John Doe 1 entered her home, but she eventually came to the first floor and asked him to leave.

The course of events after this exchange are unclear. What is clear is that Jones orally revoked any consent for the officers, Sherry W., or R.G. to be in her home. At some point, all parties except Thomas exited Jones's front door and convened on her porch. Based upon Jones's alleged threat to kill her daughter relayed to CSEC by Harris, Sherry W. and R.G. then began the procedure to admit Jones to Erie County Medical Center (ECMC) under New York Mental Hygiene Law § 9.45. After the conversation, Sherry W. directed the officers present to escort Jones to an ambulance waiting in front of her home.

**LEGAL STANDARD**

A court applies the same standard to a motion for judgment on the pleadings as it does to a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2008). A complaint survives a 12(b)(6) motion when it states a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). A claim for relief is plausible when the plaintiff pleads sufficient facts that allow the court to draw reasonable inferences that the defendant is liable for the alleged conduct. *Iqbal*, 556 U.S. at 678.

In considering the plausibility of a claim, the court must accept factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). At the same time, the court is not required to accord "[l]egal conclusions, deductions, or opinions couched as factual allegations . . . a presumption of truthfulness." *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007) (quotation marks omitted).

**DISCUSSION**

**I.    Construing the Moving Defendants' Motion**

The Court first addresses the threshold issue of how to construe the Moving Defendants' Motion. It is styled as a motion for judgment on the pleadings but, as Plaintiffs point out, the Moving Defendants attached an affidavit from CSEC's Chief Executive Officer that provides facts outside of the Amended Complaint. ECF No. 92-2. It is well established that a court may not consider "matters outside the pleadings" on a 12(c) motion. Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").

Here, the Court will exclude all matters outside the pleadings presented to it and, therefore, treat the Moving Defendants' Motion as a 12(c) motion. Plaintiffs argue that the Court must

convert the Moving Defendants' motion to one for summary judgment because of the affidavit, but Rule 12(d) makes clear the Court is not required to do so. The Court thus proceeds with the analysis required for a Rule 12(c) motion.

## II. The First Claim

The First Claim in the Amended Complaint is brought under § 1985(3). A plaintiff states a claim for relief under § 1985(3) when she alleges

> (1) a conspiracy (2) for the purpose of depriving a person or class of persons of the equal protection of the laws, or the equal privileges and immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of a right or privilege of a citizen of the United States.

*Jenkins v. Miller*, 983 F. Supp. 2d 423, 457 (D. Vt. 2013). Contrary to the Moving Defendants' argument, plaintiffs bringing a § 1985(3) claim are not required to allege that the defendants were acting under color of state law. *Id.* (explaining, based on Supreme Court precedent, that "Section 1985(3) reaches not only conspiracies under color of state law, but also purely private conspiracies that have an invidiously discriminatory motive"). But they must allege that the conspiracy was "motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus." *Nguyen v. Milliken*, 104 F. Supp. 3d 224, 231 (E.D.N.Y. 2015) (citation and internal quotation marks omitted).

Here, Plaintiffs' do not sufficiently allege such a conspiracy. Plaintiffs do allege that Sherry W. exhibited prejudice toward Jones based on her race. ECF No. 3 ¶ 57. But there are no factual allegations that show an agreement between the Moving Defendants and the BPD Officers to deprive Jones of the equal protection of the laws because of her race. *See Webb v. Goord*, 340 F.3d 105, 110 (2d Cir. 2003) ("In order to maintain an action under Section 1985, a plaintiff must provide some factual basis supporting a meeting of the minds, such that defendants entered into

an agreement, express or tacit, to achieve the unlawful end." (citation and internal quotation marks omitted)). The Moving Defendants' Motion is therefore granted as to Plaintiffs' First Claim.

## III. The Second and Third Claims

Plaintiffs' Second and Third Claims allege violations of § 1983 based on violations of Jones's Fourth Amendment right to be free from an unreasonable seizure and her Fourteenth Amendment right to not be deprived of her liberty without due process of law. The Moving Defendants argue these claims should be dismissed because (1) § 1983 does not confer any rights to Plaintiffs and (2) Plaintiffs did not allege that the Moving Defendants are state actors.[2] Both arguments fail as to Sherry W. but succeed as to the remaining Moving Defendants.

To state a claim under § 1983, a plaintiff must allege two elements: (1) "the violation of a right secured by the Constitution and laws of the United States," and (2) "the alleged deprivation was committed by a person acting under color of state law." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87-88 (2d Cir. 2015). If a defendant is a private person or entity, as the Moving Defendants are here, a plaintiff must allege that the defendant "acted in concert with the state actor to commit an unconstitutional act." *Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002).

Here, Plaintiffs properly allege both elements of a § 1983 claim as to Sherry W. First, they allege that she violated Jones's Fourth and Fourteenth Amendment rights. ECF No. 3 ¶¶ 230, 233. Second, they sufficiently allege that she acted in concert with BPD Officers to "commit an unconstitutional act" because she allegedly directed the BPD Officers to seize Jones without legal justification, transport her to ECMC, and confine her there against her wishes. ECF No. 3 ¶¶ 119 ("Defendant SHERRY W. then signaled to Defendant Buffalo Police officers to direct Plaintiff JONES to get into an ambulance that was waiting in the front of [her] home."), 230 ("Defendant[]

---

[2] The Court does not consider the Moving Defendants' third argument—that the Moving Defendants are not state actors—because it is based on an affidavit submitted by CSEC's CEO which the Court excluded from its analysis.

. . . SHERRY W. . . . caused Plaintiff JONES to be seized without probable cause or legal justification . . . ."), 233 ("Defendant[] . . . SHERRY W. . . . caused Plaintiff JONES to be transported to [ECMC] . . . and . . . confined her [there] . . . against her wishes . . . .").

The allegations against the other Moving Defendants do not satisfy the second element of the claim. There are no allegations that CSEC, R.G., or Mandy M. directed or acted with the BPD Officers to seize Jones, transport her to ECMC, and confine here there. All three are named in the Second and Third Claims, but the allegations are conclusory and not supported by the same factual allegations that support those claims against Sherry W. Consequently, the Moving Defendants' Motion is granted as to Plaintiffs' Second and Third Claims in part and denied in part; the Claims are dismissed as to CSEC, R.G., and Mandy M., but they remain as to Sherry W.

## IV. The Fourth Claim

Plaintiffs' Fourth Claim alleges that the Moving Defendants falsely arrested and imprisoned Jones. The Moving Defendants argue that Plaintiffs have not plausibly plead the elements of a false arrest or imprisonment claim. ECF No. 92-3 at 6-7. The Court agrees as to all Moving Defendants except Sherry W.

To state a claim for false imprisonment or false arrest under New York law, a plaintiff must allege that: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Parker v. Blackerby*, 368 F. Supp. 3d 611, 621 (W.D.N.Y. 2019). Plaintiffs plausibly allege the second through fourth elements of the claim since they allege Jones was transported in an ambulance and confined in ECMC against her wishes and without legal justification. ECF No. 3 ¶¶ 124, 236; *see Mooney v. Cty. of Monroe*, 508 F. Supp. 2d 222, 224-25 (W.D.N.Y. 2007) (finding plaintiff sufficiently alleged a false imprisonment claim against

defendant hospital by alleging he was held in the hospital against his will with no legal justification). Consequently, only the first element requires further analysis.

The first element of a false imprisonment or arrest claim may be met where an individual "induces" a plaintiff's arrest. *Cook v. City of New York*, 243 F. Supp. 3d 332, 342-43 (E.D.N.Y. 2017). But the plaintiff must show that the defendant "affirmatively induced the arrest by taking an active part in the arrest and procuring it to be made to the point where the officer is not acting of his own volition." *Id.* (citation, internal quotation marks, and alterations omitted).

Here, Plaintiffs do not plausibly allege that the Moving Defendants other than Sherry W. induced the BPD Officers to confine Jones, but they do plausibly allege that Sherry W. induced Jones's confinement. The Amended Complaint clearly states that Sherry W. directed the BPD Officers to escort Jones to the ambulance. And the preceding allegations regarding interactions between Sherry W. and Jones allow the Court to reasonably infer that Sherry W. contacted BPD to procure the officers to assist with taking Jones into custody. In short, the Amended Complaint plausibly alleges that Sherry W. orchestrated the entire encounter between her, Jones, R.G., and the BPD Officers on March 22, 2015, including Jones's confinement in the ambulance and transportation to ECMC. But there are no such allegations that implicate the other Moving Defendants. Consequently, the Moving Defendants' Motion is granted as to Plaintiffs' Fourth Claim in part and denied in part; the Claim is dismissed as to CSEC, R.G., and Mandy M., but remains as to Sherry W.

## V. The Eleventh Claim

Plaintiffs' Eleventh Claims is a derivative spousal claim. The Moving Defendants correctly argue that it should be dismissed because Plaintiffs' principal claims fail. ECF No. 92-3 at 7. Plaintiffs' principal claims—their Second through Fourth Claims—remain as to Sherry W.

but are dismissed as to the remaining Moving Defendants. Consequently, the Eleventh Claim remains as to Sherry W. but is dismissed as to CSEC, R.G., and Mandy M.

## VI. Plaintiffs' Motion to Amend

In their response to the Moving Defendants' Motion, Plaintiffs request leave to file a Second Amended Complaint if the "Court should find it necessary" and attach a proposed Second Amended Complaint. ECF No. 100 at 1. The Moving Defendants request that the Court deny the Motion because it is procedurally improper. The Court agrees.

Local Rule of Civil Procedure 15 describes the process whereby a party may move to amend its pleadings. The requirements are few but clear: the movant must make a formal motion to amend its pleading to which the movant must attach a proposed, amended pleading that identifies the proposed amendments or supplements using a "'redline' function or other similar markings that are visible in both electronic and paper format." Loc. R. Civ. P. 15(a), (b).

Here, Plaintiffs have neither formally moved to amend nor used a redline function or similar markings to note the proposed amendments. Consequently, Plaintiffs' Motion to Amend is denied as procedurally improper.

## V. Order to Show Cause

Finally, the Court has reviewed Plaintiffs' Complaint and finds no claims naming Defendant Buffalo Police Department. Additionally, "[m]unicipal police departments are not municipalities or persons subject to suit under § 1983 since they are a sub-division of their municipal government and not an independent legal entity." *Kearse v. Aini*, No. 19-CV-6429-FPG, 2019 WL 3343409, at *1 (W.D.N.Y. July 25, 2019) (citation omitted). Plaintiffs are therefore ordered to show by September 27, 2019 why the Court should not terminate the Buffalo Police Department as a Defendant in this action. Defendant may respond by October 11, 2019.

## CONCLUSION

For the foregoing reasons, the Moving Defendants' Motion for Judgment on the Pleadings, ECF No. 92, is GRANTED IN PART and DENIED IN PART, Plaintiffs' Motion to Amend, ECF No. 100, is DENIED, and the Clerk of Court is directed to terminate Crisis Services of Erie County, Mandy M., and R.G. as Defendants in this action. The remaining Claims and Defendants are as follows:

the Second Claim for a violation of Jones's Fourth Amendment rights against Sherry W. and Buffalo Police Officers John Doe 1 and 2;

the Third Claim for denial of Jones's liberty without due process against Sherry W. and Buffalo Police Officers John Doe 1 and 2;

the Fourth Claim for false arrest and imprisonment of Jones against Sherry W. and Buffalo Police Officers John Doe 1 and 2;

the Eighth Claim for defamation against Harris; and

the Eleventh Claim, a derivative spousal claim, against Harris, Sherry W., and Buffalo Police Officers John Doe 1 and 2.

Finally, Plaintiffs are ordered to show cause by September 27, 2019 why the Court should not terminate the Buffalo Police Department as a Defendant in this action. Defendant may respond by October 11, 2019.

IT IS SO ORDERED.

Dated: September 11, 2019
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court